IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02838-BNB
(Removal from the District Court of Larimer County, Colorado, Case No. 2013-cv-30127)

US BANK N.A., as Trustee for SASCO Mortgage Loan Trust 2006-RF4,

    Plaintiff,

v.

MICHELLE L. ANDREWS, and
DOES 1-100

    Defendants.

---

ORDER FOR SUMMARY REMAND

---

Defendant, Michelle Andrews, acting *pro se*, initiated this action by filing a Notice of Removal (ECF No. 1) and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3). Ms. Andrews seeks to remove to this Court two state court cases--Case No. 2013-CV-30127 and Case No. 2013-CV-9--involving claims of unlawful detainer filed by Plaintiff in the District Court, Larimer County, Colorado. The unlawful detainer proceeding seeks to remove Ms. Andrews and others from property that has been foreclosed and which Plaintiff acquired through a public trustee's sale (ECF No. 1-1). In support of the Notice, Ms. Andrews cites 28 U.S.C. § 1331, 1332, 1441, 1446, 1453, and Fed.R.Civ.P. 11. Ms. Andrews asserts that she intends "to litigate the issue of the legality of the attempted, pending foreclosure" of her home under the Fair Debt Collection Practices Act (erroneously referred to as the "Federal Debt Collection

Practices Act"), and that the case involves a taking of property without due process.

The Court must construe the Notice of Removal liberally because Ms. Andrews is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court finds that Ms. Andrews has not met her burden of establishing that this Court has subject matter jurisdiction over the case.

A notice of removal must contain "a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." 28 U.S.C. § 1446(a). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). "Under 28 U.S.C. § 1441 a defendant in state court may remove the case to federal court when a federal court would have had jurisdiction if the case had been filed there originally." *Topeka Housing Authority v. Johnson*, 404 F.3d 1245, 1247 (10th Cir. 2005). Removal is permitted only where the existence of a federal claim appears on the face of a well-pleaded complaint. *Holmes Group Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 830 & n. 2 (2002). "The removing party has the burden to demonstrate the appropriateness of removal from state to federal court." *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005).

Ms. Andrews fails to provide a short and plain statement of the grounds for removal, and she fails to demonstrate that the Court would have had subject matter jurisdiction over this action if it had been filed originally in federal court. In the Notice of Removal, Ms. Andrews asserts in a conclusory and vague fashion that she seeks to

remove the state case based on violations of the Fair Debt Collection Practices Act, federal questions including the taking of property without due process, and diversity jurisdiction. With respect to federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, Ms. Andrews asserts that she is a citizen of this state. (ECF No. 1-2). Therefore, diversity jurisdiction does not exist because Ms. Andrews is a resident of Colorado and the action was brought in Colorado state court. 28 U.S.C. § 1441(b).

There is also no support for removal based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331. A review of the state court complaint initiated by Plaintiff reveals that the matters therein involve only state law, *i.e.,* an unlawful detainer proceeding seeking to recover possession of the property. This action does not contain a cause of action under the federal Fair Debt Collection Practices Act, nor does the complaint allege any other federal causes of action. Furthermore, except for narrow circumstances that do not appear to be present in this action, "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law." See *Johnson,* 404 F.3d at 1245. Thus, any claims that Ms. Andrews may raise in the state court action or any counterclaims pursuant to the Constitution, law, or treaties of the United States are not removable. Accordingly, Ms. Andrews has not met her burden to establish federal subject matter jurisdiction over this civil action.

For these reasons, the Court finds that the Notice of Removal is deficient and that the Court lacks subject matter jurisdiction over the case. As a result, the instant action will be remanded summarily to the state court. See 28 U.S.C. § 1447(c).

Accordingly, it is

ORDERED that this action is remanded summarily to the Larimer County District Court.  It is

FURTHER ORDERED that the Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3) is **DENIED** as moot.  It is

FURTHER ORDERED that the Clerk of this Court shall mail a certified copy of this order to the Clerk of the Larimer County District Court.

DATED at Denver, Colorado, this   23rd   day of    October         , 2013.

BY THE COURT:


　　　　　　　　　　　　　　　　 s/Lewis T. Babcock
　　　　　　　　　　　　　　　　LEWIS T. BABCOCK, Senior Judge
　　　　　　　　　　　　　　　　United States District Court